UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

GREG A. WATKINS, II,                      )
                                          )
                    Petitioner,           )
                                          )
        v.                                )    No. 2:25-cv-00459-JPH-MJD
                                          )
TRICIA PRETORIUS,                         )
                                          )
                    Respondent.           )

**ORDER DISMISSING PETITION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST AND DENYING A CERTIFICATE OF APPEALABILITY**

Greg A. Watkins, II, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his sentence for his convictions in Marion County Case No: 49D29-2102-F1-005678 (Case No. 5678). Dkt. 1. The Court ordered Mr. Watkins to show cause why this action should not be dismissed without prejudice for failure to exhaust state remedies. Dkt. 9. Mr. Watkins responded to the order to show cause.[1] Dkts. 8; 10; 11. For the reasons discussed below, this action is **dismissed without prejudice** for failure to exhaust state remedies, and a certificate of appealability will not issue.

## I.    Discussion

### A.    The Petition

---

[1] Mr. Watkins also submitted documents for one of his state-court appeals, which the Court deems timely for the purpose of its analysis in this Order. Dkts. 12–13. However, because docket 12 includes unredacted confidential personal identifying information, *see* Local Rule 5-11(c)(2), the Court orders the clerk to maintain docket 12 under seal.

Mr. Watkins alleges that his conviction and sentence violate the Fifth and Fourteenth Amendments because the trial court removed all his pretrial credit time and lacked jurisdiction to impose a sentence after it circumvented the application of pretrial credit time. Dkt. 1 at 3.

**B.    Background**[2]

In 2023, Mr. Watkins pleaded guilty to two counts of battery resulting in bodily injury to a person under 14 years of age. Dkt. 12 at 58–59. On November 13, 2023, he was sentenced to 1,460 days imprisonment with 17 days of credit. *Id.* at 60–62. He did not file a direct appeal.

On May 13, 2024, Mr. Watkins filed a state postconviction petition (Case No. 49D29-2405-PC-13438). On January 16, 2026, the state court denied the petition. On February 20, 2026, Mr. Watkins filed a notice of appeal (Case No. 26A-PC-00441). On April 10, 2026, that appeal was dismissed with prejudice for failure to comply with state appellate rules.

While the state postconviction petition proceedings were pending, Mr. Watkins filed several motions seeking sentencing modification or correction that were denied; he appealed the denial of only two of those motions. First, he appealed the denial of his motion to correct error filed on May 24, 2024 (Case No. 24A-CR-1812). On August 7, 2024, the appeal was dismissed with prejudice as untimely. On September 20, 2024, the Indiana Court of Appeals denied rehearing. Mr. Watkins did not seek transfer. Second, he appealed the

---

[2] The Court takes judicial notice of the chronological case summaries for Mr. Watkins's cases, available at mycase.in.gov. Unless otherwise specified, the background summary is based on the information contained in those summaries.

denial of his October 2, 2025, petition for jail time credit that was denied on October 14, 2025 (Case No. 25A-CR-02653). Dkt. 12 at 38–44, 103–06. The appeal was dismissed with prejudice on April 28, 2026, for failure to comply with appellate rules. Mr. Watkins has not sought transfer.

### C.    Exhaustion

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015); *see* 28 U.S.C. § 2254(b)(1)(A). In Indiana, that means "fully and fairly present[ing] it to the Indiana Supreme Court in [a] petition for transfer to that court." *Hinesley v. Knight*, 837 F.3d 721, 735 (7th Cir. 2016). "[F]air presentation contemplates that both the operative facts and the controlling legal principles must be submitted to the state court." *Williams v. Washington*, 59 F.3d 673, 677 (7th Cir. 1995) (citing *Picard v. Connor*, 404 U.S. 270, 277 (1971)). And each claim must be "fairly presented," as prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [28 U.S.C. § 2254], if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

3

Because Mr. Watkins's appeals were dismissed for failure to comply with state procedural rules, he did not fairly present them in the state courts and the claims are unexhausted. Mr. Watkins concedes that he "has not exhausted his State Court Remedies." Dkt. 10 at 1. He contends, however, that the state process was absent or ineffective to protect his rights under 28 U.S.C. § 2254(b)(1)(B), due to prosecutorial misconduct and a prejudicial amount of judicial bias in his state postconviction relief case. Dkt. 10 at 2–4.

"The Supreme Court has provided an exception to the exhaustion doctrine in those instances where 'the corrective process is so clearly deficient as to render futile any claim to obtain relief.'" *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). The "corrective process" refers "only to the post-conviction appellate *procedure* provided by the state." *Id.* (emphasis in original). "Therefore, 'the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim.'" *Id.* (quoting *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993)).

In Indiana, "[a]ny person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state . . . may institute *at any time* a proceeding under this Rule to secure relief." Ind. Postconv. Rule PC 1 (emphasis added). An individual may file one petition for post-conviction relief to collaterally

4

attack a criminal sentence but must receive permission to file a second petition. *See Corcoran v. State*, 246 N.E.3d 782, 794 (Ind. 2024). An Indiana defendant may file a motion to correct sentence at any time. *See* Ind. Code § 35-38-1-15; *Comer v. State*, 263 N.E.3d 772, 774 (Ind. Ct. App. 2025).

The record reflects that Mr. Watkins did not exhaust his claims because he either failed to timely appeal or failed to comply with state appellate rules. Accordingly, state corrective processes were available to Mr. Watkins, and his failure to exhaust his claims before presenting them in his federal petition cannot be excused based on ineffective or inadequate state processes. *See* 28 U.S.C. § 2254(c); *Spreitzer*, 219 F.3d at 647. The petition must be dismissed without prejudice for failure to exhaust state-court remedies.

### D.    Consideration of Stay and Abeyance

When dismissing a habeas corpus petition because it is unexhausted, a district court is required to consider whether dismissal would effectively end any chance at federal habeas review. *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). A district court should stay, rather than dismiss, a federal habeas action, if (1) the petitioner demonstrates good cause for failing to exhaust his or her claims first in state court, (2) the unexhausted claims are potentially meritorious, and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) ("[S]tay and abeyance should be available only in limited circumstances."); *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017).

Under 28 U.S.C. § 2244(d)(1), a petitioner has a 1-year statute of limitation for filing a federal habeas petition, which generally starts when the state court judgment becomes final at the conclusion of direct review or the expiration of the time for seeking such review. *See also Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).

The dismissal of Mr. Watkins's federal petition will not effectively preclude federal habeas corpus review because he still has time to file a federal petition if he exhausts his claims in state court. Mr. Watkins was sentenced on November 13, 2023, and did not file a direct appeal. Dkt. 12 at 58. Accordingly, his state court judgment was final on "the expiration of the time for seeking" direct review. 28 U.S.C. § 2244(d)(1)(A). Under Ind. R. App. P. 9, a party must generally initiate an appeal within 30 days after the entry of a Final Judgment is noted in the Chronological Case Summary. In this instance, the deadline to initiate an appeal was December 13, 2023. Accordingly, Mr. Watkin's 365-day limitation period for filing a federal habeas petition started the next day, December 14, 2023.

The limitation period for filing his federal petition ran for 149 days until the day before Mr. Watkins filed his initial state postconviction petition on May 13, 2024. The one-year limitation period for filing a federal habeas petition under 28 U.S.C. § 2254 is tolled while a "properly filed" application for state post-conviction or "other collateral review" with respect to the pertinent judgment or claim is pending. *See Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Although Mr. Watkins filed a timely appeal from the denial of his state postconviction petition, his appeal was dismissed for failure to comply with state appellate rules. Because his appeal was not "properly filed," he is not entitled to tolling for the period after the state trial court's denial of the petition on January 16, 2026. The limitation period for filing his federal petition therefore resumed on January 17, 2026. With 216 days remaining to file his federal petition, his limitation period will expire on or about August 21, 2026.

The Court acknowledges that Mr. Watkins filed multiple motions related to his claims about his sentence and credits and that he appealed the denial of two of those motions during the pendency of his state postconviction petition. A motion to reduce a sentence that is "properly filed" by a state prisoner in accordance with state law, and which is not part of a direct review process and requires a reexamination of the prisoner's sentence to determine whether it is appropriate, qualifies as "collateral review" that tolls the one-year statute of limitations. *See Wall v. Kholi*, 562 U.S. 545, 547–48, 560 (2011). In this instance, however, the only proceeding for those motions that continued beyond January 16, 2026 was an appeal dismissed on April 28, 2026 for failure to comply with state appellate rules. Because that appeal was not "properly filed," Mr. Watkins's additional motions do not support further tolling.

Under these circumstances, therefore, a *Rhines* stay is not appropriate. Mr. Watkins has not established good cause for his failure to exhaust his claims before filing his federal petition nor provided the Court with any basis to

conclude his unexhausted claims are potentially meritorious.

Accordingly, Mr. Watkins's habeas corpus action is **dismissed without prejudice**. Mr. Watkins may re-file this action once his state remedies are fully exhausted, so long as he does so within the applicable time limit. If Mr. Watkins is unable to exhaust state-court remedies before the time limit for filing his federal petition would expire, he may refile his federal petition and request that it be stayed pending the state proceedings. *See Dolis*, 454 F.3d at 725 (explaining a petitioner's ability "to file in both state and federal court . . . and then ask the district court to stay the federal case until the state case concludes").

### III.    Certificate of Appealability

Under Section 2254 and Habeas Corpus Rule 11, this Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling, and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis to conclude jurists of reason would debate the correctness of this Court's procedural rulings.

## IV.    Conclusion

The petition for a writ of habeas corpus under 28 U.S.C. § 2254, docket 1, is **dismissed without prejudice** and a certificate of appealability shall not issue. The **clerk is directed** to place and maintain **docket 12 under seal**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 7/2/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GREG A. WATKINS, II
296350
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

9